Cowgill
v.
Wooden.

---

## Cowgill *v.* Wooden, Sheriff.

The statute of 1827 requires that, in justices' Courts, special matters of payment and set-off should be stated in writing; but, in other cases generally, special pleas are not necessary in those Courts.

In a cause commenced in a justice's Court, the defendant may, without pleading the general issue, give any matters in evidence which, under that plea, are admissible in other Courts.

A party has the same right to a jury, in a cause commenced by notice and motion, that he has in other cases.

If the sheriff, a party in the cause, have summoned the jurors selected under the statute of 1827, the array may, for that reason, be challenged.

If a purchaser of real estate at sheriff's sale refuse to pay the purchase-money, and the property be sold for a less sum at a second sale, the liability of the first purchaser for the difference, under the statute of 1825, may be established by parol evidence.

The sheriff is not obliged to take the mere word of any person, who may bid at a sheriff's sale, that he is the agent of the execution-creditor.

A justice of the peace has jurisdiction of a cause commenced by notice and motion, if the notice set forth a claim, not exceeding 100 dollars, for which debt or assumpsit would lie.

*Friday,*
*November 5.*

APPEAL from the *Owen* Circuit Court.

Blackford, J.—*Wooden* sued *Cowgill* before a justice of the

peace by notice and motion. The substance of the notice is, that the plaintiff, as sheriff of *Owen* county, offered certain real estate for sale on execution, and struck off the same to the defendant as the highest bidder; that the defendant having refused to pay the purchase-money, the plaintiff re-sold the land to the highest bidder at the second sale, for 74 dollars and 99 cents less than the first bid; and that the defendant was liable to the plaintiff for that sum. The defendant before the justice pleaded, previously to the trial, six special pleas in bar. A replication was filed to one of them, and a general demurrer to four of the others. The remaining one seems to have passed unnoticed. Whilst the trial was progressing, the defendant put in a seventh plea, denying generally the whole cause of action. The justice tried the cause on the merits, and gave judgment in favour of the plaintiff for the amount claimed in the notice. The defendant appealed to the Circuit Court. The questions raised by the demurrers to the special pleas, were argued in the Circuit Court, and all those pleas, except one, were adjudged to be good bars to the action. A jury was then impannelled on motion of the plaintiff, the merits of the cause tried without objection, and a verdict and judgment rendered for the plaintiff.

One of the pleas was that of the statute of frauds. The others were intended to show, that the defendant did not bid for himself; but that he acted only as agent of the creditor, under whose execution the land was sold, to the amount of his claim; and as to the residue of the sum bid, that he acted as agent of another execution-creditor, who was entitled to the surplus. This special pleading is unnecessary in justices' Courts. By the statute of 1827, p. 30, special matters of payment and set-off must be stated in writing, but no special pleas are required in matters of defence like those relied on in the present case. The seventh plea, which was the general issue, was filed too late to be available, had it been necessary. But as the parties went to trial on the merits, the case must be considered now, as if the general issue had been pleaded. Indeed, the defence here made required no plea in writing, either general or special, in a justice's Court. We shall examine the record before us, therefore, without any reference whatever to the validity of the pleas filed by the defendant,—considering him to have

had the right to prove his defence, if a good one, without any written pleas (1).

The first bill of exceptions shows, that, on application of the plaintiff, the Circuit Court impannelled a jury to try the cause. This was correct. There were matters of fact to be determined, and a jury was the proper tribunal to try them. *Dawson* v. *Shaver, Nov.* term, 1822 (2). It also appears by this bill, that the regular panel of jurors had been summoned by the plaintiff as sheriff of the county; that the Court overruled a challenge to the array founded on that cause; and that the coroner selected, from the regular panel, the twelve jurors who tried the case. This challenge should have been sustained. It is true, the sheriff has not, under our statute, the same discretion in summoning jurors that he formerly had. Stat. 1827, p, 29 *(3)*. He would, however, now have a decided advantage over his opponent in a cause, had he the right to execute the venire. Some jurors, whose names were in the venire, might be too intelligent or too independent to suit his purpose. These he could omit to summon. The cause of challenge relied on in this case, is considered in *New-York*, under a statute for selecting jurors similar to ours, to be sufficient to quash the array. *Woods* v. *Rowan*, 5 Johns. R. 133.

According to the second bill of exceptions, the defendant's bid was not reduced to writing; nor is any such formality required by the statute under which he was charged. Stat. *Dec.* 1825, p. 50. The statute provides, that if the highest bidder does not pay, he shall be liable to a certain extent, should the land bring less at a second sale. It appears to us, that the fact of the defendant's being the highest bidder, as charged in the notice, might be proved by parol. These bids at sheriffs' sales are always made publicly and by parol, and may be proved by the persons present. The cause of action grows out of the defendant's default in not following up his bid by a payment of the money. The case stands independent of the statute of frauds. If he made the bid and refused compliance, he is liable under the statute of 1825; and his liability may be established by parol evidence (4). It is further stated by this bill, that the defendant offered to prove that he was the agent of the first execution-creditor, in bidding to the amount of his execution, and the agent of another execution-creditor entitled to the residue of the

bid; but that the sheriff had no evidence of the defendant's agency, except his own declarations at the sale. The Circuit Court refused to receive this testimony, and we think correctly. The sheriff was not bound to take the bare word of any person, who might choose to bid and to call himself an agent of the execution-creditors. Were that the law, the sheriff would have no means of avoiding serious and frequent imposition.

The third bill of exceptions states, that the defendant below offered in evidence a deed from the debtor to a purchaser for value, made before the judgment. This evidence was rejected. The defendant's object was to raise the question whether he was liable, if the land bid for was not the debtor's at the time. The record, however, does not show what land, if any, was conveyed by this deed; and the question, therefore, intended to be presented does not arise in this case.

The last bill of exceptions shows, that an objection to the jurisdiction of the Court was overruled. This objection is founded on the idea, that the justice had no jurisdiction in the case of a notice and motion like the present. By the statute of 1827, p. 30, the justices' jurisdiction is extended to 100 dollars in actions of debt and assumpsit. The statute of 1825, authorising a notice and motion in these cases, in any Court having jurisdiction, does not require a particular name to be given to the action. The notice before us sets forth a demand not exceeding 100 dollars, for which debt or assumpsit would lie; and, consequently, exhibits a case within the jurisdiction of a justice of the peace (5).

The only error in these proceedings is, the overruling of the challenge to the array. The judgment, on that ground, must be reversed.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

*Whitcomb* and *Gregg*, for the appellant.
*Hester*, for the appellee.

(1) For the pleadings required in justices' Courts, vide R. C. 1831, p. 301. The defendant always has the benefit of the general issue in a justice's Court, without pleading it; except the execution of an instrument of writing, which is the foundation of the action, be denied; in which case, there must be a plea filed supported by oath or affirmation. Ibid.

(2) Vol. 1. of these Rep. 204.

Nov. Term,
1830.

THE STATE
v.
HICKS.

(3) Accord. R. C. 1831, p. 291.

(4) If the purchaser neglect or refuse to pay, he is liable, on motion of the officer making the sale, to a judgment for the purchase-money and ten *per cent.* with costs, without any stay of execution. Provided, however, that the officer may, on the day of sale or on a subsequent day, re-expose the property to sale; and, should the amount of the second sale not be equal to that of the first and the costs of the second sale, the first purchaser is liable for the deficiency, on motion of the officer. Stat. 1833, p. 65.

(5) Vide *Washburn* v. *Payne*, ante, p. 216, and note.