Bowman, ex'or and trustee, vs. Long.

ROBERT BOWMAN, executor and trustee, plaintiff in error, vs. JESSE L. LONG, defendant in error.

[1.] The tenant for life in property is entitled to the possession of the "corpus" of the property for his own use, subject to a right in the remaindermen to have the property in a state of security, to be forthcoming to. them, on the termination of the life estate.

[2.] A trust in which the trustee has nothing to do, is an executed, and not an executory, trust.

In Equity, from Bibb county, between Long, complainant, and Brown, defendant. Tried before Judge LAMAR, May Term, 1858.

The allegations of this bill are set forth in the report of the same case when it was before this Court on demurrer, at Macon, June Term, 1857, except the following amendment, filed by complainant to the bill, and served on defendant the 21st May, 1858, and which comes in at the place where complainant alleges "that by virtue of the will and codicil, &c.," "that in the event that said legacy so left as aforesaid to his child and ward, should be held to vest in said child, and yet that the trustee for his said child should be entitled to retain the possession of the same, then he, in his capacity of guardian of his child, is entitled to demand and receive of and from the said trustee, the annual rents, issues and profits thereof, and such profits, rents and issues as may have heretofore accrued thereon; and he prays that defendant

may be decreed to account to your orator for all and singular the rents, issues and profits of the property which has come to his hands as trustee aforesaid, or in his character of executor aforesaid, belonging to said ward, up to the time of the hearing on this bill; and that he be decreed to pay over to complainant annually, all and singular the income, rents, issues and profits of the said property, from and after the final hearing on this bill."

The bill prays also, besides what is reported in the case referred to, that the real estate left to said ward be sold, and the one-half of the proceeds thereof be paid to your orator, that the expense of this suit be paid out of the said estate, and that defendant answer the allegations in the bil—lwhat is the value, condition and income of the estate left to said ward, &c.

On the trial, after the pleadings were read to the jury, complainant's counsel asked the Court to charge: "That the rents, issues and profits of the estate left to W. H. Long, in the will of John Bowman, deceased, belong to him, the said W. H. Long, unconditionally, and that upon his death they descend to his legal representatives;" which the Court gave as requested, and defendant excepted.

Defendant then asked the Court to charge the jury, that in the event of the death of said W. H. Long before arriving at the age of 21 years, then the annual rents, issues and profits of the estate willed to him by John Bowman, deceased, which had accumulated since the death of said John Bowman, should, with the *corpus* of the property, go to the heirs of said John Bowman, other than the wife of said John Bowman; which said request the Court refused to give in charge; but on the contrary charged the jury, that in the event of the death of W. H. Long before arriving at the age of 21 years, then the accumulated rents, issues and profits of said estate, should go to the legal representatives of said W. H. Long. To which refusal to charge as requested, and to which

charge as given, defendant by his counsel excepted and assigns the same as error.

Poe & Grier, for plaintiff in error.

E. A. & J. A. Nisbet, for defendant in error.

The complainant also brought this case up and assigned errors :

Because he, by counsel, moved to prove the quantity and kind of property left by John Bowman to the ward of the complainant, William H. Long, in his last will and testament, and was refused the motion on the objection of defendant's counsel, that complainant was not, according to the law and equity of the case, entitled to a decree for the recovery and control of the *corpus* of the property so left as aforesaid.

Because the complainant's counsel moved to be permitted to introduce evidence of the annual amount of the rents, issues and profits of the property left by John Bowman in his last will and testament to W. H. Long, the ward of complainant, now in the hands of the defendant, and the probable future annual amount of the same; which the Court refused, upon the objection of defendant's counsel, on the ground that the complainant was not in law and equity entitled to a decree for the rents, issues and profits of the said property, and on the ground as stated by the Court, that whilst the rents, issues and profits of the estate left by John Bowman to W. H. Long belonged to him, the said W. H. Long, and at his death intestate, to his heirs, yet, that the complainant was not entitled to the possession and control of the same, but that said rents, issues and profits remain in the possession and control of Robert Bowman, trustee for the said W. H. Long, until his death or arrival at the age of 21 years.

Because the complainant moved to be permitted to prove the annual value of the aforesaid rents, issues and profits, the age, condition and social *status* of the said W. H. Long,

in order to a decree for an annual allowance out of the said rents, issues and profits, for the support, education and maintenance of him, the said W. H. Long; and counsel for defendant objected thereto, upon the ground, that according to the law and equity of the case, the complainant was not entitled to such decree; and the Court sustained the objection, deciding that the income of the separate estate of the child, the father being in life, cannot be applied to the support, education and maintenance of the child, but upon averment and proof by the complainant, of his inability to educate, support and maintain him.

Because counsel for complainant moved the Court to be permitted to prove the value of the services of counsel for the complainant, in conducting the litigation between the parties to this cause; and defendant's counsel objected, upon the ground that complainant was not entitled to a decree for compensation to his counsel out of the estate belonging to his ward, in the hands of defendant; which objection the Court sustained.

The verdict was in pursuance of the ruling and decisions of the Court.

E. A. & J. A. NISBET, for plaintiff in error.

POE & GRIER, for defendant in error.

*By the Court.*—BENNING J. delivering the opinion.

These two cases grow out of a bill filed by Jesse L. Long, as the guardian of his minor son, Wm. H. Long, against Robert Bowman, as executor of John Bowman, deceased, to obtain possession of the legacy left to the minor son, in the will of John Bowman.

One of the questions in the cases, is, was the guardian entitled to have possession of the "corpus" of the legacy, for the use of the ward?

The estate which the ward took, was the fee, or absolute interest, subject to be divested on his dying under the age of twenty-one years. *Long vs. Bowman*, 23 *Ga. R.* ·

Such an estate as that, was in certainty as much as an estate for life; in possibility as much as an estate in fee simple. It is safe, therefore, to rank it as high as a life estate.

[1.] In a life estate, the tenant is entitled to have the possession of the property for his own enjoyment; and all that the remainder-man can require, is, that the "corpus" of the property shall be kept in preservation, to be delivered to him on the termination of the life estate.

This is the general rule. And this, if it applies in these cases, gives this guardian the right to the possession of the "corpus" of the property bequeathed to his ward. The guardian is the person entitled to the possession of the ward's property.

Is there anything to take the case out of the general rule? It is said that there is something; namely, the testator's appointment of a trustee for the ward.

It is true, that the last item of the codicil is in the following words: "I appoint my son Robert Bowman, trustee for my said grand-son, William Henry Long." And it is, probably, true, that the testator's intention in this item was, that his son Robert should hold the property bequeathed to the grand-son, in trust for that grand-son.

But are the words creating the trust, sufficient to effectuate such an intention? That depends, doubtless, on whether the trust they create, is an executed or an executory, trust. If it is an executed trust, that is, a trust in which, the law " conveys the possession to the use, and transfers the use into possession, thereby making *cestui que use* complete owner of the" property " as well at law as in equity," (2 *Black.* 333,) then it is clear, that the words are not sufficient to effectuate the intention; for no words can be sufficient to effectuate an intention which is contrary to law. If the trust is

Bowman, ex'or and trustee, vs. Long.

executory, the case may be different. In such a trust, the legal title remains in the trustee.

Is this, then, an executed, or an executory, trust?

[2.] It is not an executory trust, for the trustee has nothing to do. "There is a settled distinction between trusts, *executed* and *executory*. In the latter, *something is left to be done;, some conveyance thereafter to be made.*" 2 *Kelly,* 320, quoting *Kent.*

It is an executed trust. The statute of uses declares, that "when any person shall be seized of lands, &c., to the use, confidence, or trust, of any other person," that person shall "stand and be seized or possessed of the land, &c., of and in the like estates as they have in the use, trust or confidence; and that the estate of the person so seized to uses shall be deemed to be in him or them that have the use, in such quality manner form and condition as they had before in the use." 2 *Black.* 333.

This statute it is true, applies only to realty. But what it does for realty, the common law does for personalty.

If then, Robert Bowman, under the codicil became "seized" of, or entitled to, the property, in trust for Wm. H. Long, the estate of Robert in the property, is to be "deemed to be in" William; this, by the statute, so far as the property is realty, and by the common law, so far as the property is personalty. The statute and the common law together, *execute* the trust as to both.

The result is, that the *cestui que trust,* Wm. H. Long, took both the legal and equitable title, and that the testator's attempt to vest the legal title in a trustee, was a failure.

The appointment of the trustee being a failure, that appointment cannot be a thing to take the case out of the general rule aforesaid; namely, the rule which gives to the tenant for life in property the right to the possession of the corpus of the property, for his own use and enjoyment, during his life.

Of course, this rule must be subordinate to the rule that

the *corpus* is to be so kept, that it shall be *preserved* for delivery to the remainder-man, on the termination of the life estate. The law has ways by which it can effect this object, and yet, not deprive the life tenant of the use and profits of the property, during his life. It can require him to give security for the forthcoming of the property, at the termination of the life estate.

It follows, that the answer to our question, is, that the guardian *was* entitled to the possession of the "corpus" of the legacy for the use of his ward; which possession, he was to keep until his ward became twenty-one, if he became twenty-one, and then deliver it to him to be held by him thenceforth in fee; or until he died, if he died under twenty-one, and then deliver it to the remainder-men.

This being the answer to the question, the answer disposes of all the other questions in the two cases.

For if the guardian is entitled to possession of the "corpus," he is, of course entitled to have the rents and profits; and if entitled to these for the use of his ward, they are his ward's, and he is not bound to accumulate them until it is ascertained whether the ward lives to be twenty-one years old or not.

The guardian having got possession of the property, is to administer it according to law. If it will be according to law for him to apply any part of it, to the education of the ward, or to the payment of lawyers' fees, he will then have it in his power so to apply it.

In the case of Long vs. Bowman the judgment is to be reversed; in the case of Bowman vs. Long the judgment is to be affirmed. This is the result.