FORTUNE N. CHISHOLM *et al.*, plaintiffs in error, *vs.* AUGUSTUS H. LEE, executor, defendant in error.

Where money is bequeathed to the widow for life, and at her death to the heirs of the testator, it is the duty of the executor to invest the principal, and to pay over the interest to the widow, so as to preserve the former for the benefit of those ultimately entitled.

Administrators and executors. Legacies. Life estates. Wills. Before Judge HALL. Newton Superior Court. March Term, 1874.

For the facts of this case, see the decision.

CLARK & PACE, for plaintiffs in error.

J. J. FLOYD, for defendant.

WARNER, Chief Justice.

This case comes before this court on a bill of exceptions as to the proper construction to be given to the fourth and sixth items of the will of I. P. Henderson, deceased. The bill of exceptions recites that the parties were at issue as to the duty of the defendant, as executor, under the fourth and sixth items of the will of Isaac P. Henderson, which said items are in the following language, to-wit: "Item 4th. I loan to my wife during her natural life, $5,000 00. Also, that my executors purchase for my wife a negro woman or girl, such as she may select, the same to be loaned to her her lifetime, the same to be purchased out of the proceeds of my property." "Item 6th. It is my will and desire, that at the death of my wife the money loaned her, and the negro to be purchased by my exe-

cutors, be sold and equally divided amongst all my children, and my grand-daughter, Elderrinda Brown, and the share going to my grand-daughter is to be placed in the hands of the trustee named in the fifth item of this will, and under the same restrictions and limitations." The court held that it was the duty of the executor, under the will of the testator, to pay over to Ruth Henderson, his widow, the $5,000 00 loaned her in the fourth item of the will. To which ruling of the court the complainants excepted.

The court also ruled that it was the duty of the executor, after the death of Ruth Henderson, the widow, to take steps to recover the possession of the $5,000 loaned her under the will of testator, for the purpose of distributing the same amongst the legatees of Henderson, the testator. To which last ruling of the court the defendant excepted. This last ground of error was abandoned by the defendant on the argument here, and the only question to be considered is the first ground of error alleged by the complainants in the bill of exceptions.

By the 2253d section of the Code, an estate for life cannot be created in such property as is destroyed in the use. When money is loaned or given to one for life, and it is manifestly the intention of the testator that the money so loaned or given, shall be divided after the death of the person who has only a life interest in it, amongst his children and his grand-daughter named in his will, and that his grand-daughter's share thereof is to be placed in the hands of a trustee named in his will, under certain restrictions and limitations therein specified, as in the will of the testator now before us, it was the duty of the testator's executor, appointed by him to execute his will, to hold the principal sum of money so bequeathed, in trust for the objects of the testator's bounty, inasmuch, as the money bequeathed to the testator's widow for and during her life would be destroyed in its use, and thus the intention of the testator might be defeated, if the money was paid into her hands. The rule applicable to this class of cases was correctly stated in *Thornton vs. Burch*, 20 *Georgia Reports*, 793. It was the

duty of the executor to have invested the money, and paid the interest thereon to the widow during her life, so as to have preserved the principal for those whom the testator clearly intended should have it after the death of his widow. The testator did not intend that the principal of the money bequeathed to his widow during her life should be destroyed in the use of it by her, but on the contrary, he intended that his children and grand-daughter should have it after her death, and to carry out that intention his executors were appointed to execute his will, and it was their duty so to execute it so as to effect that intention, by investing the money, paying the widow the interest thereof during her life, and at her death to divide it equally amongst his children and grand-daughter as directed by the testator's will; that was what the executors were required to do; that was what the testator entrusted his executors to do, in order to carry out his expressed intention in regard to the $5,000 00 bequest, specified in the fourth item of his will. In our judgment, the court erred, in view of the provisions of the fourth and sixth items of the testator's will, in holding that it was the duty of the executor to pay over to the widow, Ruth Henderson, the $5,000 00 loaned her in the fourth item of the will.

Let the judgment of the court below be reversed.