### PHILIPS, administratrix, *vs.* CREWS *et al.*

1. Where the remainder-men brought suit against the administratrix of the life tenant for $600.00, alleging his receipt thereof, his life estate therein, his death, and her refusal to pay, and the evidence sustained the averments of the declaration, a motion for non-suit was properly overruled.

2. A life estate in money, with remainder over, may be created. Money may be lost, but it should not be destroyed in the use.

3. There being no ambiguity or uncertainty in the provisions of a will, their construction is for the court, and not for the jury. All parts of a will are to be taken together and given effect. If this cannot be done because of a conflict in the different parts, then the last must prevail.

Non-suit. Estates. Pleadings. Remainder. Practice in the Superior Court. Wills. Before Judge CRAWFORD. Muscogee Superior Court. November Term, 1879.

Reported in the decision.

JAMES M. RUSSELL; PEABODY & BRANNON, for plaintiff in error.

BLANDFORD & GARRARD, for defendants.

CRAWFORD, Justice.

Mrs. Anna Davie died leaving a will, by the third item of which she gave to her son, P. J. Philips, two $1,000.00 bonds of the M. & G. Railroad, one $1,000.00 of the city of Columbus, and money enough to make them of par value. By the sixth item it is declared "That portion of my estate which I have given to my son, Pleasant J. Philips, is for and to him alone, which he is to have, hold and enjoy without let or hindrance for and during his natural life, and if he dies without issue, child or children, at his death; it is to be equally divided between his surviving brothers and the children of my three deceased daughters, each set of children to draw what would be their mother's portion if they were all in life."

Pleasant J. Philips was appointed her executor, qualified, received the bonds and $600.00 in cash to make them of par value, died without child or children living at his death, and Mrs. Laura Philips, his widow, administered upon his estate. The remainder-men brought suit against her to recover the $600.00, alleging his receipt thereof, his death, his life estate therein, and her refusal to pay; to which she pleaded the general issue and set-off.

The plaintiffs introduced in evidence the will of Anna Davie; a return of P. J. Philips, in which he acknowledged the receipt of $600.00 to make the bonds of par value; a return of Mrs. Laura Philips, administratrix of P. J. Philips, showing her receipt of over $2,000.00 cash in hand at the death of P. J. Philips, besides $6,000.00 of other cash assets, and rested their cause. Counsel for defendant moved a non-suit, which was overruled by the court, and defendant excepted.

Testimony for the defence was then introduced, which was that P. J. Philips did not keep the $600.00 separate from his own money, and that the cash returned by her he had on deposit, and closed.

The court was requested to charge the jury—

1. If Mrs. Philips did not have the specific money in hand, then the jury must find for the defendant.

2. Whilst it is competent by proper words to create a life estate in money, yet if the money was to be received by Philips without let or hindrance, and if he received it, used it as his own, and did not keep it separate for the estate or remainder-men, then plaintiffs cannot recover.

3. If the jury believe that the intestate commingled the $600.00 with his own money, so that it could not be distinguished from the balance of his estate, then this action does not lie.

4. If the jury believe that the third clause in the will gives an absolute estate, and the sixth makes a limitation over, the limitation is void.

5. That if the jury believe all the testimony of the plaintiffs, they cannot recover.

All of which requests were refused by the court, and the defendant excepted.

1. The first question made by the record for our review is, was the motion for a non-suit properly overruled? It was in effect a demurrer to the plaintiffs' right to recover under the evidence submitted, and this depends upon the construction of the clauses in the will, and the form of the ction employed to enforce the right.

Under the judiciary act of 1799, all that was required of the plaintiff was that he plainly, fully and distinctly set forth his cause of action, and, under the act of 1818, technical or formal objections are not to invalidate any petition if the same substantially conforms to the requisitions of the provisions of the act of 1799, and if the defendant has had notice, all other objections shall be disregarded. Under the English rule of pleading, this was a proper action, and would have been maintained. Money had and received lies to recover money which *ex equo et bono* the defendant ought to pay. Whenever the plaintiff could recover in a court of equity he can recover in an action for money had and received. Chitty on Con., 474; 2 T. R., 153; 1 Cowper R., 372; 6 Peters, 68. This is also ruled in the 7th *Ga.*, 68, 69.

We are unable to see any legal reason why if this administratrix got possession of this estate by means of her administration upon it, and she could not have gotten it in any other way, and had its money in her hands as such, that this suit would not lie against her as such administratrix to recover it.

2. The cardinal rule for construing wills is to ascertain the intention of the testator, and if that intention be not illegal, then it is to be carried out by the courts as intended. That Mrs. Davie intended to give to her son, P. J. Philips, a life estate only in the property and money bequeathed to him, it seems to us to be too plain for a doubt. He is to have it for life; it "is for and to him alone," and at his death to go to his children, if he had any; if not, then to go to his brothers and the children of his deceased sisters; it was to follow the blood of the testatrix. The intention being clear and indisputable, the purpose natural and legal, it must be executed.

But it is said that neither an estate in remainder, nor a limitation over, can be created in money, because it is such property as is destroyed in the use. Sometimes it is lost in the use, but it should never be so with trust money.

He who undertakes to execute a trust is charged with the duty of seeing to it that it is not destroyed in the use; the income may be destroyed by its use, for it was so intended, but the *corpus* must be preserved for the remainder-men. A life estate may be created in money, and section 2253 of the Code does not allude to money, but to such things as perish with the usage. In the 20th *Ga.*, 793, it is ruled that there can be as little doubt of the executor's liability to account to the remainder-men for the money and notes left by the testator as the other property. In 2d Kent's Com., 252, this language is used: "Chattels may be limited over by way of remainder after a life interest in them is created, and there is no difference in that respect between money and any other chattel interest."

It was insisted on the argument that the words "without let or hindrance" entitled Philips to take this money, use it as his, and if he did, not keeping it separate from his own, that the plaintiffs cannot recover. These words are not so strong as where the testator gave his wife "full power to dispose of a part or all of the above described property in any manner she may think proper, and enjoy it in any way she may see fit during her natural life, and after her death I wish it equally divided between my children," and this remainder was held good. 23 *Ga.*, 515.

3. The fourth request to charge was properly refused, because the construction of the third and sixth items in the will, there being no uncertainty or ambiguity about them, was for the court and not the jury. Besides, every part of a will is to be taken together and given effect; if this cannot be done because of a conflict in the different parts, then that which is last must prevail over the first. We find no difficulty in construing this will so as to give effect to both these items; indeed, we think that they are perfectly consistent with each other.

Upon a review of all the points made in this bill of exceptions, we think that the judgment should be affirmed.