### DeLONEY v. HULL, executrix.

Where an executor holds certificates of stock or certificates of indebtedness issued by a railroad company, which, by the terms of the will, are bequeathed to a person, to go over to another in the event he dies "without leaving a family," and where, in a suit in chancery for an accounting and other relief, it is decreed that the executor "shall at once turn over and deliver" to the legatee the property bequeathed to him to be held by him under the will, the executor has the right, before surrendering the certificates, to endorse thereon memoranda to the effect that the certificates are held by the legatee under the terms of the will.

Submitted April 18,—Decided August 8, 1907.

Equitable petition. Before Judge Brand. Clarke superior court. May 21, 1906.

*John J. Strickland,* for plaintiff.

*Joseph L. Hull,* for defendant.

ATKINSON, J. Mrs. Rosa E. DeLoney left a will bequeathing real and personal property to her two children, Thomas C. DeLoney and Mrs. Rosa Hull, the wife of John H. Hull. With respect to the bequest to Thomas C. DeLoney, the will provided that "All of the property as specified given to my son Thomas C. DeLoney (must be invested from time to time as circumstances may require), but can not be spent or invested in any business, except the income arising therefrom; but must be used as a 'support of himself. In the event of his death, leaving no family, then this entire share to belong to his sister, Mrs. John H. Hull, and at her death to her children subject to the same directions as the shares belonging to her." The will further provided: "I direct my son Thomas C. DeLoney's certificates of stock or bonds, deeds, and all other business papers to be kept in bank safe. I appoint my daughter Rosa, wife of John H. Hull, executrix of this my last will." After the executrix had qualified and before completely administering the estate, Thomas C. DeLoney brought suit in Clarke superior court against her, for his part of the property, alleging that she refused to deliver it to him on the ground that she was trustee for him and as such had the right to hold the property. That suit resulted in a decree, which, so far as pertinent to the question made in the present case, provided, "That under the terms of the will of Mrs. Rosa E. DeLoney, a trust was created for Thomas C. DeLoney as for the share of said estate left him in said will; that said

Thomas C. DeLoney is a male of full age and was at the time the will took effect; that since that time, the health of said Thomas C. DeLoney has improved to such an extent as to vacate said trust under the laws of this State, and said trust is hereby vacated and set aside, and said Mrs. Rosa Hull, executrix, shall at once turn over and deliver to said Thomas C. DeLoney the property bequeathed and devised to him in said will, to be held by said Thomas C. DeLoney under the will, and in the event of his death, leaving no family, as provided in said will, then his entire share is to belong to Rosa Hull for life and at her death to her children." After the rendition of that decree the executrix proceeded to deliver to Thomas C. DeLoney a certain certificate of indebtedness of the Atlanta & West Point Railroad Company and likewise certain certificates of stock in the Atlanta & West Point Railroad Company and in the Georgia Railroad & Banking Company, respectively, but upon which she endorsed the following: (a) Upon the certificate of indebtedness, the words: "To be held by him under the terms contained in the last will of Mrs. Rosa E. DeLoney, of record in Clarke County, Georgia." (b) Upon each of the two certificates of stock, the words: "Under the will of Mrs. Rosa E. DeLoney." In addition to these certificates there were other certificates to which the said Thomas C. DeLoney was entitled. The endorsements by the executrix were unsatisfactory, and Thomas C. DeLoney instituted suit complaining that the endorsements created such limitations as rendered it impossible for him to dispose of the property or handle it in any way whatever, thereby rendering the property worthless to him. The petition contained the following, among other prayers: "That the said Rosa Hull, as executrix of Rosa E. DeLoney, be decreed to carry out the spirit and terms of the decree hereinbefore mentioned, and to that end should be required to have transferred to petitioner his 16 shares in the Georgia Railroad & Banking Company, his five shares in the Atlanta & West Point Railroad Company, and his debenture for $500 in the Atlanta & West Point Railroad Company, without any terms or limitations in the certificates;" and that petitioner "have the right to sell any of said script or property when he thinks advisable and make a good title to the purchaser." The defendant answered at length; but it is not necessary to state any more of the defendant's contentions than that she insisted that inasmuch as

she and her children had a contingent-remainder interest in the certificates under the will of Mrs. Rosa E. DeLoney and under the former decree of the court, to which reference has been made, it was her right to endorse the certificates in the manner indicated. The case was submitted to the presiding judge, who was authorized by consent to pass upon all questions of law and fact, trying the case upon the pleadings, which were to be taken as true and without the introduction of further evidence. Upon consideration the judge entered judgment refusing to grant the relief prayed. Exception was taken to this ruling, and the only question argued by the counsel for the plaintiff in error is whether or not, under the facts stated, the executrix had the right to refuse to deliver the certificates of stock without endorsement of the character hereinbefore indicated. We will deal only with that question.

The decree did not undertake to diminish or increase the quantity of interest which Thomas C. DeLoney had in the certificates in question. It simply recognized the existence of his interest in the property under the will, and directed that the executrix should at once turn over and deliver to said Thomas C. DeLoney "the property bequeathed and devised to him in said will." There was no direction that she should not, in the course of delivery, enter upon the certificates such memoranda as might tend to perpetuate notice of the existence of the limitations in the will. The character of the corpus of the estate was such that it could be wasted by the first taker and lost entirely to those who might take upon the happening of the condition upon which the first taker held. The entry made on the certificate could only tend to prevent such condition of affairs by certifying to future purchasers the truth as it appears of record. Certainly that could be no wrong to any one. The legatee ought not to deal with the certificates as if there were no conditions attached to his estate therein. For the reason suggested, the court no doubt intended that he should not deal with them in an unrestricted manner. The decree specifically enjoins that the property is "to be held by said Thomas C. DeLoney under the will." It further provides that, "in the event of his death, leaving no family, as provided in said will, then his entire share is to belong to said Rosa Hull for life and at her death to her children." In *Kollock* v. *Webb,* 113 *Ga.* 762, Mr. Justice Cobb, speaking for the court, on pages 768-9, said: "While in our opinion the

deed properly construed gives to the living children of Mrs. La-Pierre a vested remainder subject to be divested upon her death without issue, still for the purposes of the present case we think it is immaterial whether the remainder created by the deed for the benefit of the children of Mrs. LaPierre was vested or contingent. A life-tenant is entitled to the corpus of the property for his own use, but this possession is subject to the right of the remaindermen to have the property in a state of security to be forthcoming to them upon the termination of the life-estate." Numerous authorities are cited for the support of the proposition therein stated. See *Luquire* v. *Lee*, 121 *Ga.* 628-9. A fair construction of the decree now under consideration at least authorizes the endorsements upon the certificates, of which complaint is made.

*Judgment affirmed. All the Justices concur.*