### BARMORE et al. v. GILBERT, executor.

Where the subject-matter of a life-estate is money or its equivalent, or is such property as must be converted into money before possession of the same shall be entrusted to the life-tenant, security should be required to preserve the fund for the remainderman, unless a contrary intention of the testator appears in the will. Applying this ruling to the petition in this case to require the executor to deliver to the life-tenant, without security, the money and promissory notes belonging to the estate, the judge presiding without a jury did not err, in view of the provisions of the will, in refusing to grant the petition.

    No. 2057. MARCH 4, 1921. REHEARING DENIED MARCH 5, 1921.

Appeal; construction of will. Before Judge Blair. Cobb superior court. April 9, 1920.

J. F. Barmore died testate. The provisions of his will (omitting the first item relating to the payment of his debts) were as follows:

"Item two. I will, devise, and bequeath to my beloved wife, Josephine Barmore, all the property, both real and personal, that I may die seized of, for and during her natural life or widowhood.

"Item three. I desire and direct that my wife shall use only the

income from my property, and under no condition is she to encroach on the corpus, as the income of money that I have now loaned out will be ample for her support and maintenance, she also having the use of my house.

"Item four. At the death or marriage of my said wife, I will and direct that all of my property, or the proceeds thereof, be equally divided among my children.

"Item five. If any of my children should die before the final division of my estate, leaving child or children, then said child or children shall take the share that the deceased parent would have taken, had they been in life.

"Item six. I hereby nominate and appoint my friend, E. G. Gilbert, as executor of this my last will and testament. This May 3rd, 1917."

After twelve months had elapsed from the qualification of the executor, the widow and the five children of the testator cited the executor to an accounting in the court of ordinary, and in their petition prayed that he be required to deliver to the widow, the life-tenant, the entire estate of the testator in his hands, without requiring bond or security from her. The executor answered; and the proceeding was appealed to the superior court, where by consent the case was tried by the judge without a jury. On the hearing it appeared that the estate of the testator consisted of both realty and personalty, the latter being a comparatively small amount of money, and a much larger proportion of promissory notes which had been given to the testator by various persons; that most of the notes had been collected by the executor, and the money so received had been loaned by him on real estate securities; that he had turned over to the widow all of the real estate, and after the payment of debts of the testator the executor had paid to her the interest on the money and the notes in his hands. The only issue tried by the judge was whether the executor, upon the petition of the widow and the children of the testator, in view of the provisions of his will, should be required to deliver to the widow the money and promissory notes belonging to the estate in the hands of the executor, in accordance with the prayers of the petition. The judge decided the issue against the petitioners, and they excepted.

*George F. Gober,* for plaintiffs.

*William Attaway* and *Anderson & Roberts,* for defendant.

Fish, C. J. (After stating the foregoing facts.) As to the rights and liabilities of a tenant for life, the Civil Code (1910), § 3666, declares: " The tenant for life is entitled to the full use and enjoyment of the property, so that in such use he exercises the ordinary care of a prudent man for its preservation and protection, and commits no acts tending to the permanent injury of the person entitled in remainder or reversion. For the want of such care, and the willful commission of such acts, he forfeits his interest to the remainderman, if he elects to claim immediate possession." So, in *Bowman* v. *Long,* 26 *Ga.* 142, it was held: " The tenant for life in property is entitled to the possession of the ' corpus ' of the property for his own use, subject to a right in the remaindermen to have the property in a state of security, to be forthcoming to them, on the termination of the life-estate." Because of this duty to preserve and protect the estate in remainder, the relation of the life-tenant to the remainderman has been held to be, to a certain extent, a fiduciary one and termed an implied or quasi trusteeship. 17 R. C. L. 626, note 10. In order to protect remaindermen, the early practice in England was to require security from the life-tenant before allowing him to take possession of personal property of any character, to the use of which he had become entitled by bequest, but a distinction was drawn later between specific bequests of property and those of the residue of an estate; and some courts have held that where specific articles are left to legatees for life, with remainder over, all that is required, in the absence of a showing of danger of loss or waste, is than an inventory thereof be endorsed by the life-tenant with acknowledgment that these are held for life only, with title in the remaindermen. Where, however, the property of which the use for life is bequeathed is money or its equivalent, or is the residue of an estate which is money or its equivalent, or is such property as must be converted into money, a different rule obtains. As such property may be easily lost or wasted, the general rule, unless it is to be inferred from the language of the will that the life-tenant is to have possession, is that he must give reasonable security to preserve the funds for the remainderman. Where the testator has directed that the life-tenant have possession of the funds, it has been held that even then the matter of exacting security is regarded as discretionary with the court; and if the testator has not seen fit to require such security, the court will not require it, unless it is shown that there

is danger of loss, either because of the irresponsibility of the life-tenant, his removal of the estate beyond the jurisdiction of the court, or some similar reason, since the requirement of security might impose on the life-tenant a burden which he could not discharge, and thus the intention of the testator would be defeated. 17 R. C. L. 626, 627 (17). The matter of a life-estate in money or its equivalent, and the rights of a life-tenant in relation thereto, have been under consideration several times by this court. In *Thornton* v. *Burch,* 20 *Ga.* 791, it was held: " Money, notes, and accounts may be limited over, after the determination of a life-estate. . . A gift over of his whole estate, real and personal, after the determination of an estate for life, is a bequest of the money, as well as other property." In *Chisholm* v. *Lee,* 53 *Ga.* 612, it was held: " Where money is bequeathed to the widow for life, and at her death to the heirs of the testator, it is the duty of the executor to invest the principal, and to pay over the interest to the widow, so as to preserve the former for the benefit of those ultimately entitled." See s. c. 56 *Ga.* 126. In *Phillips* v. *Crews,* 65 *Ga.* 274, it was held: " A life-estate in money, with remainder over, may be created. Money may be lost, but it should not be destroyed in the use." In the opinion is this language: " But it is said that neither an estate in remainder, nor a limitation over, can be created in money, because it is such property as is destroyed in the use. Sometimes it is lost in the use, but it should never be so with trust money. He who undertakes to execute a trust is charged with the duty of seeing to it that it is not destroyed in the use; the income may be destroyed by its use, for it was so intended, but the corpus must be preserved for the remaindermen. A life-estate may be created in money, and section 2253 of the Code [Civil Code of 1910, § 3664, declaring that an estate for life can not be created in such property as is destroyed in the use] does not allude to money, but to such things as perish with the usage. In 20th *Ga.* 793, it is ruled that there can be as little doubt of the executor's liability to account to the remaindermen for the money and notes left by the testator as the other property." In *Crawford* v. *Clark,* 110 *Ga.* 729 (36 S. E. 404), it was held: " A remainder may be created in money; and an executory bequest of money, limited upon a definite failure of issue, is valid." The will there involved directed that the executor should pay the money to the daughter, to whom the life-estate was given, when she should

arrive at twenty-one years of age or marry. The daughter married before her majority. It was said in the opinion: " If the bequest had given her a separate estate, the will, which was the law for the executor in this case, expressly required the possession of the money to be given to her. In such event he could not hold the money and pay her only the income thereof. But as the bequest did not create a separate estate in the daughter, under the law as it then stood [1847] the marital rights of the husband attached." The prior decisions of this court on the subject of a life-estate in money, to which we have referred, were cited. In *DeLoney* v. *Hull*, 128 *Ga.* 778 (58 S. E. 349), it was held: " Where an executor holds certificates of stock or certificates of indebtedness issued by a railroad company, which, by the terms of the will, are bequeathed to a person, to go over to another in the event he dies ' without leaving a family,' and where, in a suit in chancery for an accounting and other relief, it is decreed that the executor ' shall at once turn over and deliver ' to the legatee the property bequeathed to him to be held by him under the will, the executor has the right, before surrendering the certificates, to endorse thereon memoranda to the effect that the certificates are held by the legatee under the terms of the will." In *Thomas* v. *Owens*, 131 *Ga.* 248 (62 S. E. 218), strongly relied on by counsel for plaintiffs in error, a part of the first item of the will was as follows: " I devise and bequeath to my sister [Margaret W. Thomas] for life my interest in Guinas plantation, Habersham county, Georgia, and on her death I devise and bequeath my said interest in said plantation to my niece, Mary B. Thomas, and her heirs." The will then disposed of other properties of the testatrix. Mary W. Thomas and George W. Owens were appointed executors of the will, which authorized them or either of them to sell and dispose of the property of the testatrix at public or private sale as might be deemed best, and to reinvest the proceeds of the sale in such property as may be deemed to the best interest of the estate, without any order of court being applied for or had for such sales or investments. A codicil was in this language: " I republish and reaffirm said will, save and except that I direct that my estate shall not be divided during the lifetime of my sister, Margaret W. Thomas, but shall be held together until her death. I bequeath to my said sister, Margaret W. Thomas, the income from my estate during her life, and on her death direct that said estate be

divided as devised and directed in my will last mentioned." It was held: " A life-estate for Margaret W. Thomas was carved out of the estates devised to the other legatees." " There being no debts, Margaret W. Thomas is entitled to have possession of the estate of the testatrix from the executor." " Upon the death of Margaret W. Thomas, all the property not devised to her in fee is to be divided among the other legatees in the manner indicated in the will." In the opinion it was said: " Having come to the conclusion . . that by force of the codicil Mrs. Thomas takes a life-estate in the property devised to the other legatees, the next question is, whether Mrs. Thomas is entitled to the possession of the estate, or should it remain with the executors until the death of Mrs. Thomas, and then be divided by them? There is no pretense that the estate owes any debts. Mrs. Thomas is sui juris and laboring under no disability. She is entitled to the full use and enjoyment of the property devised to her, unless restrained by the will and codicil. She is as much entitled to the possession of the estate devised for life as that devised in fee, if the will does not give possession to the executors until her death. A tenant for life is entitled to the full use and enjoyment of of the property. Civil Code, § 3090. In this respect there is no difference between realty and personalty. As was said in *Bowman* v. *Long,* 26 *Ga.* 146, ' In a life-estate the tenant is entitled to have the possession of the property for his own enjoyment; and all that the remainderman can require is that the " corpus " of the property shall be kept in preservation, to be delivered to him on the termination of the life-estate. . . Of course, this rule must be subordinate to the rule that the corpus is to be so kept that it shall be preserved for delivery to the remainderman, on the termination of the life-estate. The law has ways by which it can effect this object, and yet not deprive the tenant for life of the use and profits of the property during his life. It can require him to give security for the forthcoming of the property at the termination of the life-estate.' *Crawford* v. *Clark,* 110 *Ga.* 732 (36 S. E. 404) ; *Brantley* v. *Porter,* 111 *Ga.* 886 (36 S. E. 970) ; *Walker* v. *Watson,* 32 *Ga.* 264. We take it to be well settled, therefore, that, unless otherwise provided in the will and codicil, Mrs. Thomas is entitled to the possession of the property devised to her, to the exclusion of the executor." It is further said: " It is emphasized that the testatrix directs that her estate shall not be divided during the lifetime of her sister, Mrs.

Thomas, and shall be kept together until her death. This provision of the codicil emphasizes the testamentary intent that Mrs. Thomas should have undisturbed possession of the whole estate until her death, when the several estates in remainder are to become estates in possession. The executor is not a trustee for any of the legatees; he holds for neither Mrs. Thomas nor the remaindermen. The codicil is satisfied if the property is not divided until Mrs. Thomas's death; and the holding should be by her, in the absence of a contrary declaration by the testatrix." This decision was in accord with the general rule announced in the Civil Code, § 3666, hereinbefore quoted. The rulings in that case are not in conflict with those made in the prior cases to which we have referred, but the prior decisions collated in *Crawford* v. *Clark, supra,* are approvingly cited. The exact question whether, in the absence of intention of the testator, the life-tenant should have the possession of the money or its equivalent, without giving security for the protection of the remaindermen, was not presented or decided in the case of *Thomas* v. *Owens.*

In view of the provisions of the will here involved, the case falls squarely within the general rule (21 C. J. 966, cases in note 64), that where the subject-matter of a life-estate is money or its equivalent, or is such property as must be converted into money, before possession of the same shall be entrusted to the life-tenant, security should be required, unless the will shows a contrary intention of the testator. There is nothing in the will indicating that the testator intended that the life-tenant should have the possession of the money and promissory notes belonging to his estate, either with or without security, but the strong intimation is that she should not have possession at all; for he directs in item three that she shall use only the income from his property, " and under no condition is she to encroach on the corpus, as the income on money that I have now loaned out will be ample for her support and maintenance, she also having the use of my house." This provision, considered in connection with the entire will, seems to exhibit the purpose of the testator to be, that, as the income on the money he had loaned out would be sufficient for her maintenance, she should not receive the corpus of the fund, even for its investment and management so as to make on it an income to which she would be entitled. The petition is that the executor be required to deliver to the widow, the

life-tenant, the possession of the entire estate in his hands, and that this be done without requiring any security to be given. The five children of the widow joined with her in the petition. If they are all the children, still they may not be all of the remaindermen who may be interested in the property of the testator under the provisions of the will. The living children of the testator who joined in the petition may now have children of their own. There is nothing in the record as to this. Or they may hereafter have children; and should the petitioning children, or some of them, die before the death or marriage of the life-tenant, leaving children, then such last-named children would take the interest of their deceased parents. What may happen can not be now known; and the only protection for the executor, in view of the contingencies that may arise, is to require security before so much of the estate of the testator as consists of money, or its equivalent, shall be delivered to the life-tenant.

The only question presented for decision to the trial judge sitting without a jury was whether, under the petition, the executor should be required, in view of the provisions of the will, to deliver all the money and promissory notes belonging to the estate to the life-tenant without requiring of her security. He refused to require the executor so to do; and we hold that he did not err.

*Judgment affirmed. All the Justices concur.*