26199. PAULK *et al.* v. SMITH *et al.*

DECIDED JUNE 18, 1937.

*H. L. Jackson, J. P. Knight,* for plaintiffs.

*William Story, Corbitt & Sumner, Wilcox, Connell & Wilcox,* for defendants.

GUERRY, J. This is an action at law brought by Mrs. Olive Register Paulk and Mrs. Fannie Register Futch in their own behalf and that of others like situated, against W. R. Smith and C. F. DeVane, residents of Berrien County, to recover two sevenths of $2000, together with interest, due to the plaintiffs as stipulated in the will of their father; praying that such judgment be a special lien on all the property of said defendants. Under the terms of the will, which was duly probated in 1926, W. R. Smith and C. F. DeVane were named as executors, duly qualified as such, and took over the entire estate at that time. Item 3 of the will was in part as follows: "I also give, bequeath, and devise to my wife, Laura, $2000 in cash for her use during her lifetime; and if any remains at her death, to be disposed of as hereinafter directed. All the donations made in this the third item of my will to belong to my said wife Laura for and during her natural life, and after her death I direct that all of said donations in this item of my will be divided equally among those of my heirs, share and share alike, whom I have remembered in dividing the residue of my property, and to be divided among my said heirs in the same manner as I have divided the residue of my property." The petition alleged that Laura Register, widow of the testator, died on September 15, 1933, and the life-estate created

in her terminated and became vested in petitioners and others, as provided in the will; that Laura Register died without having used the $2000; that the defendants have converted it to their individual use, have never used it for the benefit of Laura Register in her lifetime, and have never accounted to any one therefor; that item 3 of the will fixed the remainder over, after the life-estate, in petitioners and others; and that the defendants refuse to account to petitioners as remaindermen for their part of the $2000.. The defendants filed demurrers on the ground that no cause of action was set out, in that the petition affirmatively showed that the $2000 conveyed to Laura Register was coupled with "an unqualified power of disposal," and that she thereby took a fee in the money devised; and further, because it was sought to hold the defendants liable as executors of the will, without alleging any assent on their part to the legacy. The judge sustained the demurrer, and exceptions are taken to that ruling.

■ "A remainder can be created in money. *Thornton* v. *Burch,* 20 *Ga.* 791 (3), 793; *Chisholm* v. *Lee,* 53 *Ga.* 611; *Phillips* v. *Crews,* 65 *Ga.* 274 (2); *McCook* v. *Harp,* 81 *Ga.* 229; *Gairdner* v. *Tate,*" 110 *Ga.* 456 (35 S. E. 697). *Crawford* v. *Clark,* 110 *Ga.* 729 (36 S. E. 404). "A life-estate in money, with remainder over, may be created. Money may be lost, but it should not be destroyed in the use." *Phillips* v. *Crews,* 65 *Ga.* 274. In *Bowman* v. *Long,* 26 *Ga.* 142, it was said: "The tenant for life in property is entitled to the possession of the 'corpus' of the property for his own use, subject to a right in the remaindermen to have the property in a state of security, to be forthcoming to them on the termination of the life-estate." See also *Barmore* v. *Gilbert,* 151 *Ga.* 260 (106 S. E. 269, 14 A. L. R. 1060). In *Thornton* v. *Burch,* supra, it was said: "There can be as little doubt of his liability to account to the remaindermen for the money and notes left by the first testator." In the present action it is insisted that the provisions of the will devising the $2000 to Laura Register for her use during her lifetime, and, "if any remains at her death," to be distributed in a certain manner, vested the title to the money in the wife, and that only her heirs could recover the money on her death; in other words, that "this power of disposition was so broad that any attempt upon the part of the testator to create a remainder as to that devise was void and of no effect." In *Coch-*

*ran* v. *Groover*, 156 *Ga.* 323 (118 S. E. 865), the testator bequeathed to his wife lands and personal property and rents of personal property for her life, with the right in her own name to sell or dispose of them as she might see proper, with remainder over to his children. It was held that the children took a vested remainder. "The addition of the power of sale or disposition does not enlarge this estate into a fee. *Edmondson* v. *Dyson*, 2 *Ga.* 307; *Haralson* v. *Redd*, 15 *Ga.* 148; *Wilder* v. *Holland*, 102 *Ga.* 44 (29 S. E. 134)." *Cochran* v. *Groover*, supra. The remainders to the legatees named in the will in the present case were vested remainders. They were limited to those named, at a certain time, on the happening of a certain event, the death of the widow. There was no contingency about the remainders. "The remainders might be defeated by the widow's selling or disposing of the property, but this did not make them contingent remainders in a legal sense. The persons to take were certain and ascertained at the time of the testator's death. The event on the happening of which they were to vest was a necessary one. The uncertainty as to the mere *quantum* of property to be possessed did not make the remainders contingent." *Cochran* v. *Groover*, supra. *Mellon* v. *Camp*, 121 *Ga.* 693 (49 S. E. 690). We think it clear that the remaindermen named in the will took a vested remainder in the $2000, subject to its being divested in the event Mrs. Laura Register used it during her lifetime. If she took it but did not use it, at her death it became subject to disposition under the terms of the will. If the executors did not turn it over to her, but converted it to their own use, they are liable to the remaindermen. The petition alleged that "no part of said $2000 in cash" was "used for or by Laura Register in her lifetime, . . but said $2000 trust fund was converted by said defendants to their individual use, . . and they have never accounted to petitioners nor any one else therefor." The petition set out a cause of action. Under the allegations it becomes immaterial whether there was any express assent to the legacy, as provided in the Code, § 113-801. If the $2000 was received by the defendants, although not turned over to the life-tenant, their assent as executors may be implied, because of their alleged conversion. It would hardly be consonant with right for an executor personally to take a sum of money which came into his hands as such executor,

which sum had been devised under the will, and convert it to his own use, and then prevent any action against himself by a legatee under the will for his distributive share because he had not assented to the devise. It is true no title or right of action exists in the legatees without the assent of the executor, because he is charged with the payment of the debts of the estate out of the assets thereof, before the devise or legacy becomes enforceable. Under the conditions alleged in the present petition, the defendants can not by demurrer admit the appropriation of the assets of the estate and then prevent this action on the ground that it is not alleged that they assented to the legacy, and therefore that no title vested in the legatees. Assent may be implied from conduct. Code, § 113-802. That there are debts of the estate which prevented the vesting of the title under such conditions is defensive, and may be pleaded in answer. The wrongful conversion by the defendants of this money to their individual use, as alleged, prevents their insistence by demurrer on a failure to allege assent. This suit partakes of the nature of an accounting.

■ This court has jurisdiction to hear this case. See *Trust Company of Georgia* v. *Smith,* 182 *Ga.* 360 (185 S. E. 525). The construction of a will is only incidentally involved herein.

■ The trial judge being disqualified, and the parties being unable to agree upon a judge pro hac vice, the clerk of the court appointed one. The order of appointment recited a compliance with the provisions of the Code, § 24-2626. See *Robinson* v. *McArthur,* 166 *Ga.* 611 (144 S. E. 19). An order was passed by the judge pro hac vice, setting the case to be heard on demurrer, and ten days notice thereof was given to the plaintiffs. The judge had authority in vacation to pass on this demurrer, without an order passed in term time (Code, § 24-2618), by complying with the provisions of § 24-2619.

*Judgment reversed. Broyles, C. J., and MacIntyre, J., concur.*