26289. PASS *v.* PASS, executor.

Decided June 18, 1937.

*Hammond Johnson,* for plaintiff.
*Charles J. Thurmond, Wheeler & Kenyon,* for defendant.

Guerry, J. Moses E. Pass and his wife, Nara E. Pass, executed a joint will, which provided in part as follows: "It is our joint and several will and desire that the survivor shall immediately become possessed of any and all property that the other has or may have at death, whether it be personal property or real estate or of whatsoever nature, to have and hold the same for and during the life of the survivor, and at the death of the last of us then to go to our children share and share alike." The will further provided (pertinent to the question here presented): "We hereby nominate and appoint Bruce B. Pass, who shall, in connection with the survivor, act as executor of this our joint and several will, and at the death of the last survivor shall become sole executor of this our joint and several will." J. G. Pass, one of the children, brought this proceeding in the court of ordinary, setting forth the death of Moses E. Pass, and that Bruce Pass, the duly qualified executor of the will, was mismanaging the estate in that: "(a) He has failed to take charge of the assets of the

estate and administer the same, and has allowed the widow of said testator to dispose of property belonging to said estate, without accounting to him as executor for the same.   (b) That instead of selling the property of the estate himself as authorized to do by said will, he has allowed and is allowing the widow of said testator and a brother of your petitioner, Lamont Pass, to take charge of said property and dispose of the same without making any return of the same or accounting to said executor for the proceeds of the same, thus allowing a waste and mismanagement of the assets of said estate.   (c) That said executor has failed to sell cotton belonging to said estate, but has allowed the same to remain on hand, exposed to the danger of destruction by fire and deterioration from other causes, thereby causing a loss to said estate.   (d) That said executor has allowed the widow of said testator to take charge of said estate and manage the same in the same manner as if she was executrix of said estate, although no letters testamentary have issued to her and she has not qualified as such executrix and is not responsible to any court or person for the waste or mismanagement of said estate, and is completely under the domination and control of the said Lamont Pass, who is himself not capable of properly administering said estate and is not the proper person to do so.   Wherefore petitioner prays that a rule nisi may issue, requiring said executor to show cause, if any he has, why he should not be required to give bond and security, in such amount as may seem right and proper to the court, for the faithful performance of his duties as executor, and why he should not take charge of and administer all of the property mentioned and described in the joint will and mutual will of the said Moses E. Pass and the said Nara E. Pass, or in default thereof be removed from said trust." The ordinary found against the prayers of the plaintiff.   On appeal to the superior court a nonsuit was entered.   Exceptions are taken to that ruling.

We do not think it necessary to set out the evidence adduced on the trial in the superior court.   For the purpose of this decision we shall assume that the evidence sustained the allegations of the petition, that the executor named in the will failed to take possession of the assets of the estate, but allowed Nara E. Pass to take possession thereof, and that certain acts of waste are being committed by her.   We are of the opinion that the judge of

the superior court properly entered a nonsuit. . The Code, § 113-1216, declares: "An executor shall not be required to give bond on qualification; but the ordinary, on his own motion, or upon the representation of any person in interest, that an executor is mismanaging the estate, or is about to remove it without the State, may require such executor to show cause why he should not give bond and security for the faithful execution of his trust; and on his failure to give bond when and as required, the ordinary may revoke his letters and appoint another representative for the estate." However, an executor should not be required to give bond when he does not have possession of any of the property of the estate and is not entitled to its possession. The will bequeathed to Mrs. Pass a life-estate in all the property of Moses E. Pass, with remainder to their children, share and share alike. It expressly provided that the "survivor [Mrs. Pass] shall immediately become possessed of any and all property that the other has or may have at death, whether it be personal property or real estate or of whatsoever nature, to have and hold the same for and during the life of the survivor." Even without this express provision, unless the will provided otherwise, she was entitled to the possession of such property to the exclusion of the executor during her natural life, unless there were debts of the estate. See Code, § 85-604; *Bowman* v. *Long*, 26 *Ga.* 142; *Barmore* v. *Gilbert*, 151 *Ga.* 260 (106 S. E. 269, 14 A. L. R. 1060). There is no allegation or proof that there were any debts of the estate; and in such case the presumption is that there were none. The question whether or not the remaindermen may require a bond at the hands of the life-tenant for the forthcoming of the property at her death, or whether or not they may enjoin any acts of waste being committed by her are, of course, not presented in this proceeding.

Even conceding, without deciding, that on the appeal it was necessary for the defendant to file a written defense to the application to require him to give bond, the plaintiff will be held to have waived such failure by proceeding to trial and introducing evidence.

*Judgment affirmed. Broyles, C. J., and MacIntyre, J., concur.*