21017. HIRSCH, by Guardian ad litem,
v. HIRSCH, Exr., *et al.*

CANDLER, Justice. J. N. Hirsch executed a will on July 11, 1928, which was subsequently probated in solemn form in the Court of Ordinary of DeKalb County. By such will he gave his wife his entire estate, subject to a year's support, for and during her natural life, and expressly provided that she should personally have and use all of the net income which the estate produced annually. He named her sole executrix of his will so long as she was in life. He provided in his will that Samuel M. Hirsch, Lewis I. Hirsch, and Harold D. Hirsch, his three sons, should be the executors of his will after the death of his wife, and he bequeathed to them the entire annual net income of his estate after the death of his wife, and provided that, on the death of the last surviving son, the corpus of his estate should then be divided in a specified manner among his grandchildren. Individually and as executors, his three sons filed a petition in the Superior Court of DeKalb County asking for construction of his will and direction to them as such representatives. Their petition alleges that the testator's wife, Tillie Hirsch, is dead, that she annually received the net income from his estate during her life, and that they, upon her death and pursuant to the terms of his will, each qualified as an executor of his will. The petition named all of the grandchildren of the deceased as defendants. At the time of filing their petition, Susanne L. Hirsch—one of the defendants—was a minor, and Joseph J. Fine was appointed guardian ad litem for the purpose of appearing for and representing her in said proceeding, and he qualified as such. The will clearly states that the testator's estate is to be held intact during the life of the testator's

wife and during the lives of his three sons. It is alleged in the petition that the petitioners, as such executors and beneficiaries, are uncertain and doubtful as to what the testator meant by the term "net income" and how the same should be determined by them as executors of the estate. Their petition alleges that they have, pursuant to authority and power contained in the testator's will, sold some of the capital assets of the estate at a profit and some at a loss, and they pray that the court construe the testator's will and direct them as to the meaning of the will respecting the profits received and losses to the corpus of the estate and the annual income of the estate. The petition has attached to it a copy of the testator's will, and it clearly and unmistakably shows that the testator wanted the corpus of his estate kept intact, and that he likewise wanted his wife during her lifetime and his three sons after her death to have the entire net income which the corpus of his estate produced annually. By item 7 of his will he expressly authorized his wife, as executrix of his estate, and his sons after her death as successor executors, to sell any part of his estate at public or private sale and without the order of any court, but specifically provided that the proceeds received from any sale by them should take the place of the property sold and be used by them for the purpose of carrying into effect the provisions of his will. After a hearing and argument of counsel, the court rendered a decree holding that any profit derived from a sale of capital assets should be treated as income of the estate and distributed to the petitioners as such, and that any loss resulting from a sale of capital assets should be deducted from the annual income of the estate before any distribution of the net income was made. Susanne L. Hirsch through her guardian ad litem excepted to the judgment and sued out a writ of error to this court. *Held:*

The terms and provisions of the testator's will clearly show that it was his intention that the corpus of his estate be held intact for the ultimate benefit of his grandchildren, and that his wife, during her lifetime and his three sons, who are the plaintiffs in this proceeding, should, after her death, personally have and receive annually the entire net income of his estate. It seems very clear to us from an examination of the testator's will that any profit arising from a sale of capital assets of his estate became a part of the corpus of

the estate, and that the petitioners have no right to receive the same as a part of the income of the estate, and this ruling is supported by the unanimous decision of this court in *Wood v. Davis*, 168 Ga. 504 (148 S. E. 330). In this connection, see also *McHenry v. McHenry*, 152 Ga. 105(5) (108 S. E. 522); *Armstrong v. Merts*, 202 Ga. 483(3) (43 S. E. 2d 512), and the several cases there cited; and *Code* § 85-605. It is also clear to us that it was the intention of the testator that any loss sustained by his estate through the sale of capital assets should be treated as a loss of corpus, and that the petitioners as executors of the estate are not required to deduct a corpus loss from the annual income of the estate before distributing to themselves as life beneficiaries under the will the net income of the estate for any given year. 96 C. J. S. 907, § 1132; Devenney v. Devenney, 74 Ohio St. 96 (77 N. E. 688), and the several cases there cited from other jurisdictions where like rulings were made. As pointed out above, the testator provided that the corpus of his estate be kept intact; nevertheless, there is no provision in the will indicating an intention on his part to require the petitioners, as executors and life beneficiaries of his estate, to keep the corpus of his estate intact by foregoing their right to have and receive the annual net income which the estate produced. Hence, we hold that the judgment rendered by the trial judge is, for the reasons stated above, incorrect, and direction should be given to the petitioners by the trial judge to administer the testator's estate in accordance with the rulings here made.

*Judgment reversed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1960—DECIDED OCTOBER 11, 1960.

*Joseph J. Fine, D. W. Rolader,* for plaintiff in error.
*Albert E. Mayer,* contra.