## A90A1048. BAXLEY v. MOODY et al.
### (394 SE2d 623)

DEEN, Presiding Judge.

Under the will of her late husband, Mattie Lee Baxley was left a life estate in a tract of land in Appling County, a portion of which was condemned by the Georgia Department of Transportation. The DOT paid $31,590 into the court registry as compensation; Baxley as life tenant and the appellees as remaindermen to the estate agreed to use $1,250 of that fund to purchase a new well, pump, and pumphouse, but otherwise contested each other's present entitlement to the money. Baxley sought to be allowed to post a bond, hold the principal for the benefit of the remaindermen, and receive the interest therefrom during her lifetime. The superior court, however, relying upon *Hirsch v. Hirsch*, 216 Ga. 379 (116 SE2d 611) (1960), ordered disbursement of the money to the remaindermen, and this appeal followed. *Held*:

"There is no question but that the holder of a life estate, as well as the remainderman, is entitled to compensation when his property is taken for public use. . . . " 27 AmJur2d, Eminent Domain, § 251. See *Charleston & Western Carolina Railway Co. v. Hughes*, 105 Ga. 1 (4) (30 SE 972) (1898). "According to the predominate [sic] view, where property is condemned and the question is raised as to whether the award should be distributed between a life tenant and remaindermen, the award stands in the place of the realty and must be maintained as a whole, with the life tenant receiving the income and the corpus being reserved for ultimate distribution to the remaindermen." 27 AmJur2d, Eminent Domain, § 252. The minority view apportions a condemnation award "by determining the present value of the separate interests and making awards to the parties according to such valuation." Id.

We approve of the predominant view. *Hirsch v. Hirsch*, supra, concerned whether under the will being construed by the court, profits arising from a sale of capital assets of an estate became part of the corpus of the estate rather than income of the estate. Insofar as

*Hirsch* involved the construction of a will and a voluntary sale, and not a condemnation, that case is inapposite. Baxley was prepared to comply with the general requirement of providing security where the corpus of the life estate is money, see *Barmore v. Gilbert,* 151 Ga. 260, 266 (106 SE 269) (1921), and the superior court thus erred in ordering distribution of the money to the appellee-remaindermen.

*Judgment reversed. Pope and Beasley, JJ., concur.*

DECIDED MAY 18, 1990.

*Arnold & Barlow, W. Lonnie Barlow,* for appellee.
*W. Terry Turner,* for appellees.